ERIC GRANT
United States Attorney
ADRIAN T. KINSELLA
SAM STEFANKI
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>       v.<br><br>MARVIN MUTCH,<br><br>                  Defendant. | CASE NO.  2:26-cr-00013-DC<br><br>PLEA AGREEMENT |

## I.    INTRODUCTION

### A.    Scope of Agreement

The information in this case charges the defendant with one count of possessing child pornography (otherwise referred to as "child sexual abuse material" or "CSAM") in violation of 18 U.S.C. § 2252(a)(4)(B), and with one count of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. No modification of this plea agreement shall be effective unless it is in writing and signed by all parties. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

B.     **Court Not a Party**

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of the defendant, including activities which may not have been charged in the information. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw his guilty pleas, and he will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II.     DEFENDANT'S OBLIGATIONS

A.     **Guilty Pleas**

The defendant will plead guilty to both counts of the information. The defendant agrees that he is in fact guilty of these charges and that the facts set forth in the Factual Basis for Guilty Pleas attached hereto as Exhibit A (the "factual basis") are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his pleas should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this plea agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this plea agreement. The defendant waives any rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that these rules are inconsistent with this paragraph or with this plea agreement generally.

1.     Waiver of Indictment

The defendant acknowledges that under the United States Constitution he is entitled to be indicted by a grand jury on the charges to which he is pleading guilty. The defendant further

PLEA AGREEMENT

2

acknowledges that pursuant to Rule 7(b) of the Federal Rules of Criminal Procedure, he agrees to waive any and all rights he has to being prosecuted by way of indictment to the charges set forth in the information. The defendant agrees that at a time set by the Court, he will sign a written waiver of prosecution by indictment and consent to proceed by information rather than by indictment.

B.    **Sentencing Recommendation**

The defendant agrees to recommend that the Court sentence him to a term of imprisonment of seventy-eight (78) months. The defendant may recommend whatever he deems appropriate as to all other aspects of sentencing.

C.    **Restitution**

The defendant agrees that the conduct in Count One of the information to which he is pleading guilty requires him to pay mandatory restitution to all victims of his offense under 18 U.S.C. § 2259. The defendant agrees to pay restitution to his victims in the amount between $3,000 and $50,000 per victim. Further, pursuant to 18 U.S.C. § 3663(a)(1), the defendant agrees to pay restitution to any of his minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110 of the United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if any victim's losses are not ascertainable prior to sentencing.

The defendant agrees that all criminal monetary penalties imposed by the Court, including restitution, will be due in full immediately at time of sentencing and subject to immediate enforcement by the government. The defendant agrees that any payment schedule or plan set by the Court is merely a minimum and does not foreclose the government from collecting all criminal monetary penalties at any time through all available means. The defendant further agrees that he will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding.

The defendant shall not sell, encumber, transfer, convey, or otherwise dispose of any of his assets without prior written consent of the United States Attorney, except that the defendant may sell,

transfer, or convey personal property (including used vehicles and personal items, but not financial instruments, ownership interests in business entities, or real property) with an aggregate value of less than $5,000. Payment of restitution shall be by cashier's or certified check made payable to the Clerk of the Court.

**D.    Fine**

The parties agree that no fine is appropriate in this case.

**E.    Special Assessments**

The defendant agrees to pay special assessments as ordered by the Court at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office ("Probation") immediately before the sentencing hearing. The defendant agrees that these special assessments could include the following:

1.    A mandatory special assessment of $100 on each of the counts in the information pursuant to 18 U.S.C. § 3013;

2.    A special assessment of $5,000 pursuant to 18 U.S.C. § 3014, if the Court determines that the defendant is a non-indigent person for purposes of that section; and

3.    A discretionary special assessment of up to $17,000 pursuant to 18 U.S.C. § 2259A.

The defendant understands that this plea agreement is voidable at the option of the government if he fails to pay the ordered assessments prior to that hearing. If the defendant is unable to pay the special assessments at the time of sentencing, he agrees to earn the money to pay the assessments, if necessary by participating in the Inmate Financial Responsibility Program.

**F.    Violation of Plea Agreement by Defendant/Withdrawal of Pleas**

If the defendant violates this plea agreement in any way, withdraws any of his pleas, or tries to withdraw any of his pleas, this plea agreement is voidable at the option of the government. If the government elects to void this plea agreement based on the defendant's violation, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth in this plea agreement. A defendant violates the plea agreement by committing any crime or providing or procuring any statement or testimony which is knowingly false, misleading, or materially incomplete in any litigation or sentencing process in this case, or engaging in

PLEA AGREEMENT

4

any post-plea conduct constituting obstruction of justice. Varying from stipulated application of the United States Sentencing Commission Guidelines Manual ("U.S.S.G." or the "Guidelines") or agreements regarding arguments as to 18 U.S.C. § 3553, as set forth in this agreement, personally or through counsel, also constitutes a violation of the plea agreement. If the defendant violates this plea agreement in any way, the government also shall have the right (i) to prosecute the defendant on any of the counts to which he pleaded guilty; (ii) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (iii) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement.

In addition, all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant. Furthermore, the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

PLEA AGREEMENT

5

## G.    Forfeiture

The defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title, and interest to any and all assets subject to forfeiture pursuant to 18 U.S.C. §§ 924(d)(1) and 2253. Those assets include, but are not limited to, the following:

1.    PNY USB 3.2.2 FD SCSI disk device, Serial Number: 0700285F33A5CE04;

2.    SanDisk Ultra USB device, Serial Number: 4C5310016205251110165;

3.    SanDisk 3.2Gen1 USB device, Serial Number: 04016e7816f2d666469e;

4.    SanDisk 3.2Gen1 USB device, Serial Number: 040140673e96fcf2ea82;

5.    SanDisk 3.2Gen1 USB device, Serial Number: 04019f80d62dbac3e055;

6.    SanDisk 3.2Gen1 USB device, Serial Number: 040139b858e29e024664;

7.    SanDisk 3.2Gen1 USB device, Serial Number: 04016749c317e8423df3;

8.    A Glock-style Polymer80 firearm without a serial number; and

9.    Eight rounds of ammunition contained within the Glock-style Polymer 80 firearm.

The defendant agrees that the first seven assets listed above constitute property involved in a violation of 18 U.S.C. § 2252(a). The defendant also agrees that the last two assets listed above constitute property involved in a violation of 18 U.S.C. § 922(g)(1).

The defendant agrees to fully assist the government in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States. The defendant shall not sell, transfer, convey, or otherwise dispose of any of his assets, including but not limited to, the above-listed assets. The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant agrees to waive his right to notice of any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States,

PLEA AGREEMENT

6

the State of California, or its subdivisions. The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defenses or defects that may pertain to the forfeiture.

### H.   Asset Disclosure

The defendant agrees to make a full and complete disclosure of his assets and financial condition, and will complete the United States Attorney's Office's "Authorization to Release Information" and "Financial Disclosure Statement" within three weeks from the entry of the defendant's guilty pleas, including supporting documentation. The defendant agrees to provide an updated version of this financial affidavit within three weeks after receiving a written request from the United States Attorney's Office. The defendant also agrees to have the Court enter an order to that effect. The defendant understands that if he fails to complete truthfully and provide the described documentation to the United States Attorney's Office within the allotted time, he will be considered in violation of the agreement, and the government shall be entitled to the remedies set forth in section II.F of this plea agreement.

The defendant expressly authorizes the United States to immediately obtain a credit report to evaluate the defendant's ability to satisfy any monetary penalty imposed by the court. The defendant also authorizes the government to inspect and copy all financial documents and information held by Probation.

### III.   THE GOVERNMENT'S OBLIGATIONS

### A.   Recommendations

#### 1.   Incarceration Range

The government will join the defendant's recommendation that the Court sentence him to a term of imprisonment of seventy-eight (78) months.

#### 2.   Acceptance of Responsibility

The government will recommend a 2-level reduction (if the offense level is less than 16) or a 3-level reduction (if the offense level reaches 16) in the computation of his offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the presentence report, being truthful and candid with the probation officer, and not otherwise engaging in

conduct that constitutes obstruction of justice within the meaning of U.S.S.G. § 3C1.1, either in the preparation of the presentence report or during the sentencing proceeding.

### 3. Facility of Incarceration

The government will join the defendant's request for placement as to where he serves his term of imprisonment in the Federal Bureau of Prisons.

### B. Use of Information for Sentencing

The government is free to provide full and accurate information relevant to the charged offenses and relevant conduct to the Court and Probation, including any victim impact statements. The government is free to answer any inquiries made by the Court and/or Probation and to rebut any inaccurate statements or arguments made by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this plea agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

## IV. ELEMENTS OF THE OFFENSES

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offenses to which the defendant is pleading guilty.

### A. Count One: Possession of CSAM (18 U.S.C. § 2252(a)(4)(B))

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense charged in Count One of the information to which the defendant is pleading guilty:

1. On or about May 22, 2025, the defendant knowingly possessed matters that the defendant knew contained visual depictions of minors engaged in sexually explicit conduct;

2. The defendant knew that each of the visual depictions contained in the matters was of minors engaged in sexually explicit conduct;

3. The defendant knew that production of such visual depictions involved use of minors in sexually explicit conduct; and

4. The visual depictions had been mailed, shipped, or transported in interstate or foreign commerce, or produced using material that had been so transported, by any means, including by computer.

PLEA AGREEMENT

8

The defendant fully understands the nature and elements of the crime charged in Count One of the information to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

B.    **Count Two: Felon in Possession of Ammunition (18 U.S.C. § 922(g)(1))**

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense charged in Count Two of the information to which the defendant is pleading guilty:

1.    On or about May 22, 2025, the defendant knowingly possessed eight rounds of ammunition contained within a Glock-style Polymer80 firearm;

2.    The eight rounds of ammunition the defendant possessed on or about May 22, 2025, had been transported from one state to another;

3.    At the time the defendant possessed the eight rounds of ammunition, the defendant had previously been convicted of a felony; and

4.    At the time the defendant possessed the eight rounds of ammunition, the defendant knew that he had previously been convicted of a felony.

The defendant fully understands the nature and elements of the crime charged in Count Two of the information to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

V.    **MAXIMUM SENTENCE**

A.    **Maximum Penalties**

1.    **Count One: Possession of CSAM (18 U.S.C. § 2252(a)(4)(B))**

The maximum sentence that the Court can impose on Count One of the information is ten years in prison, a fine of $250,000, a lifetime term of supervised release, and special assessments totaling $22,100. By signing this plea agreement, the defendant also agrees that the Court may order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific count to which he is pleading guilty. The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

PLEA AGREEMENT

9

2.    Count Two: Felon in Possession of Ammunition (18 U.S.C. § 922(g)(1))

The maximum sentence that the Court can impose on Count Two of the information is fifteen years in prison, a fine of $250,000, a term of supervised release of three years, and a special assessment of $100.

B.    Violations of Supervised Release

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release. In certain circumstances, when a person is required to register as a sex offender and then commits certain other federal sex offenses, the court may revoke supervised release and impose a prison sentence of at least five years. The Supreme Court has held that such a revocation requires a finding by a jury, however, not by a judge.

VI.    SENTENCING DETERMINATION

A.    Statutory Authority

The defendant understands that the Court must consult the Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

VII.    WAIVERS

A.    Waiver of Constitutional Rights

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (i) to plead not guilty and to persist in that plea if already made; (ii) to be tried by a jury; (iii) to be assisted at trial by an attorney, who would be appointed if necessary; (iv) to pursue any affirmative

PLEA AGREEMENT                                                    10

defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of conviction, and other pretrial motions that have been filed or could be filed; (v) to subpoena witnesses to testify on his behalf; (vi) to confront and cross-examine witnesses against him; and (vii) not to be compelled to incriminate himself.

**B.    Waiver of Appeal and Collateral Attack**

The defendant understands that the law gives the defendant the right to appeal his guilty pleas, convictions, and sentence. The defendant agrees as part of his pleas, however, to give up the right to appeal the guilty pleas, convictions, and the sentence imposed in this case as long as the sentence does not exceed the statutory maximums for the offenses to which he is pleading guilty. The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's convictions and guilty pleas, including arguments that the statutes to which the defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's pleas of guilty. The defendant specifically gives up the right to appeal any order of restitution or special assessments that the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (i) the sentence imposed by the Court exceeds the statutory maximum; and/or (ii) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this plea agreement constitutes a complete waiver of all appellate rights. In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty pleas, convictions, or sentence, except for non-waivable claims. Notwithstanding the government's agreements in section II of this plea agreement, if the defendant ever attempts to vacate his pleas, dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in section II.F of this plea agreement.

///

///

PLEA AGREEMENT

11

C.    **Sex Offender Registration**

The defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands that he shall keep his registration current, and shall notify the state sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person his sex offender registration information. The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If the defendant resides in California following release from prison, he will be subject to the registration requirements of section 290 of the California Penal Code. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

As a condition of supervised release, the defendant shall initially register with the state sex offender registration agency in California, and shall also register with the state sex offender registration agency in any state where the defendant resides, is employed, works, or is a student, as directed by his probation officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. The defendant shall provide proof of registration to his probation officer within seventy-two hours of release from imprisonment.

D.    **Special Condition of Supervised Release**

The defendant agrees that, based on the nature of his offenses and his criminal history, the Court should impose the following special condition of supervised release, which is reasonably related to deterrence and rehabilitation:

///

///

///

PLEA AGREEMENT                                    12

The defendant shall submit his person, residence, workplace, vehicle, electronic devices and their data (including cellular phones, computers, and electronic storage media), and any property under the defendant's control to a search. Such a search shall be conducted by a United States Probation Officer in furtherance of the supervision of the defendant at any time, with or without suspicion, or by any federal, state, or local law enforcement officer at any time, with reasonable suspicion. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any co-residents that the premises may be subject to searches.

## VIII.    ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

PLEA AGREEMENT

13

## IX.    APPROVALS AND SIGNATURES

### A.    Defense Counsel

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: 3/23/26

_____
NOA OREN
Attorney for Defendant
MARVIN MUTCH

### B.    Defendant

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the United States Sentencing Commission Guidelines Manual that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: 3/23/26

_____
MARVIN MUTCH
Defendant

### C.    Attorney for United States

I accept and agree to this plea agreement on behalf of the government.

Dated: 3/24/26

ERIC GRANT
United States Attorney

_____
SAM STEFANKI
Assistant United States Attorney

PLEA AGREEMENT

14

## EXHIBIT "A"
## Factual Basis for Guilty Pleas

If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

### A.    Officers seized CSAM from Mutch's residential office.

In May 2025, law enforcement officers investigated reports of child sexual abuse material ("CSAM") being uploaded to the internet from a Google account linked to defendant Marvin Mutch. On May 22, 2025, officers executed a search warrant at Mutch's residence in Vallejo, California. While executing this search warrant, officers searched an interior personal office space belonging to Mutch himself. Officers seized numerous SanDisk computer hard drives from this space, all of which belonged exclusively to Mutch and which were manufactured in Asia. Officers searched these hard drives and discovered that they contained at least twenty video files depicting CSAM, some of which were produced outside the State of California.

Among other electronic files, Mutch's CSAM collection contained the following matters:

- An image depicting a naked prepubescent girl between the approximate age of six and nine years old, who is on her knees while an adult male inserts his erect penis into the girl's mouth;

- An image depicting a naked girl between the approximate age of nine and eleven years old, tied to a bed with her legs raised in the air to expose her genitalia to the camera;

- An image depicting multiple prepubescent children ranging in approximate age from three to ten years old and that includes prepubescent girls being vaginally penetrated, oral copulation, and various other sexual acts;

- An image depicting a girl between the approximate ages of four and six years old, who appears to be crying while tied to a bed with her genitalia exposed to the camera.

Mutch admits that he knowingly possessed these hard drives inside his residential office at the time officers executed the search warrant at his residence on May 22, 2025. Mutch also admits that he knew his hard drives contained depictions of children engaged in sexually explicit conduct and that producing the depictions he possessed involved the use of minors to engage in sexually explicit conduct. Mutch further admits that he used the internet to download the CSAM that officers recovered from his hard drives after seizing them on May 22, 2025.

### B.    Officers seized ammunition inside an unserialized "ghost gun" recovered from Mutch's vehicle.

While executing their search warrant at Mutch's residence on May 22, 2025, officers searched a Cadillac inside the garage that belonged to Mutch. Inside the center console of Mutch's Cadillac, officers seized a Glock-style Polymer80 firearm without a serial number. The firearm contained eight rounds of ammunition manufactured by Remington. Remington manufactures ammunition only in Arkansas and Connecticut.

Mutch admits that he knowingly possessed this firearm and ammunition. Indeed, Mutch told officers that he obtained his firearm and ammunition from an acquaintance and had kept them in his possession for a few days by the time of the search warrant.

///
///

PLEA AGREEMENT                                    A-1

Mutch also acknowledges that in 1975, he was convicted in the Alameda County Superior Court of murdering a thirteen-year-old girl. Mutch served approximately forty years in prison for this offense until he was granted parole in 2016. In May 2025, Mutch knew that this prior murder conviction made it illegal for him to possess firearms or ammunition.

\* \* \* \* \* \*

I have reviewed the entire factual basis in Exhibit A above, and as far as my own conduct is concerned, I adopt it as my own statement.

Dated: 3/23/26

MARVIN MUTCH
Defendant

PLEA AGREEMENT                                          A-2