HEATHER E. WILLIAMS, #122664
Federal Defender
NOA E. OREN, #297100
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Tel: (916) 498-5700
Fax: (916) 498-5710
Noa_Oren@fd.org

Attorney for Defendant
MARVIN MUTCH

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>MARVIN MUTCH,<br>Defendant. | Case No. 2:26-cr-00013-DC<br>**DEFENSE SENTENCING MEMORANDUM**<br>Date: October 9, 2026<br>Judge: Hon. Dena Coggins<br>Time: 9:30 a.m. |

Through counsel, Marvin Mutch submits this sentencing memorandum in advance of the date set for judgment and sentencing, on October 9, 2026. There were no formal objections to the presentence report filed on September 21, 2026, at Dkt. #42, and probation accurately assesses the guideline range here of 87-108 months. Mr. Mutch respectfully requests the Court grant him a modest variance to 78 months with placement at FMC Butner, a medical facility within the Bureau of Prisons. As is detailed in the PSR at ¶¶ 65, 67, 68, Mr. Mutch's medical situation is severe and requires ongoing regular and emergency care because of heart disease and a previous stroke as well as Crohn's disease and hypertension. Mr. Mutch is 70 years old and but for his serious medical conditions, a low-end guideline sentence, as probation recommends, would be appropriate. The parties agree that a sentence of 78 months imprisonment is sufficient but not greater than necessary to achieve the purposes of sentencing under 18 U.S.C. § 3553(a) and respectfully request the Court to so find.

## ARGUMENT

District courts have "wide discretion to decide whether [a defendant] should be incarcerated and for how long." *Beckles v. United States*, 137 S. Ct. 886, 893 (2017). The Supreme Court has ruled that individualized sentencing decisions must be grounded in the factors set forth at 18 U.S.C. § 3553(a). *United States v. Booker*, 543 U.S. 220, 245 (2005). These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence, protect the public, avoid unwarranted sentencing disparities among defendants with similar records convicted of similar conduct, and provide restitution. 18 U.S.C. § 3553(a).

The overriding mandate of 18 U.S.C § 3553 is that the sentencing "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing set forth in subparagraph (a)(2). 18 U.S.C. § 3553(a).

The Court should grant a modest variance in this case because of Mr. Mutch's advanced age, poor health, and prior civic good deeds. Mr. Mutch spent most of his life behind bars but he, nonetheless, worked hard to contribute to his community within prison as part of the Men's Advisory Council at San Quentin and after he left through the Humane Prison Hospice Project. *See Exh. A*- Mutch Community Engagement and PSR ¶77. He has become increasingly infirm in the past fifteen years suffering from a stroke and heart attack in addition to Crohn's disease and numerous other medical issues, as probation verified through Mr. Mutch's records at the jail. PSR at ¶¶ 65, 67, 68.

Sentencing courts are permitted to take account of age and frailty. *See United States v. Rioux*, 97 F.3d 648, 662–63 (2d Cir.1996)(defendant's medical condition resulting from a kidney transplant coupled with his prior civic good deeds permitted a sentence below the guideline range); *United States v. Baron*, 914 F.Supp. 660, 662–665 (D.Mass.1995)(lower sentence for elderly and infirm defendant); *United States v. Moy*, 1995 WL 311441, at *25–29, *34 (N.D.Ill. May 18, 1995)(below guideline sentence based upon defendant's advanced age, aggravated health condition, and emotionally depressed state); *United States v. Roth*, 1995 WL 35676, at *1

(S.D.N.Y. Jan.30, 1995)(sixty-three year-old defendant with neuro-muscular disease had "profound physical impairment" warranting lower sentence). Accounting for Mr. Mutch's nearly life-long civic efforts at rehabilitating prisoners and, more importantly, his serious medical conditions, the Court should grant him a modest variance to 78 months' custody.

## CONCLUSION

Under 18 U.S.C. § 3553(a), the Court can and should consider Mr. Mutch's serious medical issues and civic efforts to fashion a downward variance. Mr. Mutch concurs in probation's finding that he is indigent and unable to pay the JVTA and AAVA assessments. A sentence of 78 months will be sufficient but not greater than necessary to punish Mr. Mutch while accounting for his serious medical conditions. Mr. Mutch asks the Court to follow the parties' recommendation and sentence him to 78 months at FMC Butner, a medical facility within the Bureau of Prisons.

Dated: September 28, 2026

HEATHER E. WILLIAMS
Federal Defender

*<u>/s/ Noa E. Oren</u>*
NOA E. OREN
Assistant Federal Defender
Attorney for Petitioner
MARVIN MUTCH