ERIC GRANT
United States Attorney
ADRIAN KINSELLA
SAM STEFANKI
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MARVIN MUTCH,<br>Defendant. | CASE NO. 2:26-CR-00013-DC<br><br>UNITED STATES' SENTENCING MEMORANDUM |

The Court should sentence defendant Marvin Mutch to serve seventy-eight months in prison for possessing thousands of depictions of child sexual abuse material ("CSAM") and for being a felon in possession of ammunition.

## I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Mutch pleaded guilty to both counts of an information after law enforcement officers found numerous CSAM-laden digital devices and a loaded ghost gun in his Vallejo residence. Presentence Investigation Report [hereinafter PSR] ¶ 7, Dkt. No. 42. He initially denied knowingly possessing CSAM and tried to blame his conduct on hackers. *See* PSR ¶ 10. He now admits his guilt and purports to be remorseful for his actions. PSR ¶¶ 11, 17–18.

The PSR calculates Mutch's applicable guideline sentencing range to be 87 to 108 months followed by a minimum of five years of supervised release. PSR ¶¶ 87–88. The parties negotiated a plea agreement in which they agree to jointly recommend that Mutch serve a term of imprisonment of

seventy-eight months. PSR ¶ 101. The assigned probation officer recommends that the Court impose eighty-seven months of incarceration followed by a decade of supervision. Sent'g Recommendation at 1, Dkt. No. 42. Neither party filed any objections to the PSR.

## II. <u>UNITED STATES' RECOMMENDATION</u>

The United States recommends that the Court sentence Mutch to serve seventy-eight months in prison, to be followed by ten years of supervised release. He possessed thousands of depictions of children being sexually exploited, including images containing extremely young victims and qualifying as sadomasochistic. PSR ¶¶ 21–24. Mutch's criminal conduct is even more disturbing because it follows on the heels of the second chance at freedom he received after his 1975 murder conviction. Sent'g Recommendation at 2 ("Of utmost concern, Mutch's criminal history reflects serious violence of a minor child which led to his incarceration for the majority of his life and did not deter him from committing the instant offense."). Mutch's conduct demonstrates that despite his lengthy incarceration for killing a teenage girl, he failed to learn how to control his impulses to victimize children.

Despite the extremely serious nature of Mutch's offense and criminal history, some mitigating circumstances support the government's below-guideline sentencing recommendation. Specifically, Mutch's advanced age and health issues counsel in favor of a carceral sentence that accounts for his conduct without guaranteeing he will die in custody. *Id.* ("However, it is noted Mutch's health is declining and therefore, a low-end sentence of 87 months is recommended."). A ten-year term of supervision by federal probation officers will also help to protect the community from Mutch's criminal tendencies after he concludes his imprisonment. *Id.* ("A 10-year term of supervised release will allow for ongoing supervision of the defendant in the community to deter him from committing further illegal acts and to monitor the defendant's computer usage."). Mutch also deserves some measure of credit for preserving scarce prosecutorial and judicial resources by pleading to an information relatively quickly and efficiently. PSR ¶ 1.

### A. <u>Restitution</u>

In his plea agreement, Mutch agrees to pay no less than $3,000 in restitution to each victim of his CSAM offense. PSR ¶ 101. Earlier this week, the government received information from the National Center for Missing and Exploited Children that allows the process to begin for victims of Mutch's

conduct to seek restitution. This means that no victims' losses are presently ascertainable for purposes of an otherwise mandatory restitution order. *See* 18 U.S.C. §§ 2259(a), 3664(d)(5).

Accordingly, the government requests that the Court defer the matter of restitution for ninety days as provided by federal law. *Id.* § 3664(d)(5). During that time, the government intends to engage Mutch's counsel in discussions that will hopefully lead to a stipulated restitution request being submitted to the Court without requiring a formal restitution hearing.

## III. CONCLUSION

The United States respectfully requests that the Court sentence defendant Marvin Mutch to seventy-eight months of imprisonment followed by ten years of supervised release.

Dated: September 29, 2026

ERIC GRANT
United States Attorney

By: /s/ SAM STEFANKI
ADRIAN KINSELLA
SAM STEFANKI
Assistant United States Attorneys